IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE MOOT, | ) | CASE NO. 5:10 CV 2423 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Diane Moot for judicial review of the decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2]  The parties have briefed their positions,[3] together with filing supplemental charts.[4]  They have participated in oral argument.[5]  For the reasons that follow, I will affirm the Commissioner's decision as supported by substantial evidence.

---

[1] The parties have consented to my exercise of jurisdiction.  ECF # 16.

[2] ECF # 1.

[3] ECF # 13 (Commissioner's brief); ECF # 14 (Moot's brief); ECF # 17 (Commissioner's reply).

[4] ECF # 11 (Moot's fact sheet); ECF # 13, Attachment 1 (Commissioner's charts).

[5] ECF # 19.

**Facts**

The ALJ found that Moot was a 48 year old woman with a high school education who previously worked as a programmer analyst and database analyst.[6] Physically, the ALJ determined that Moot was severely impaired by a left ankle that was fractured in 2001.[7] More importantly, the ALJ further noted that she was also impaired by substance abuse and depression.[8] In that regard, the ALJ concluded that if Moot stopped the substance abuse, she would not have an impairment or combination of impairments that meets or equals any listing and that she would have the residual functional capacity (RFC) to perform the full range of sedentary work.[9] Specifically, the ALJ found that, if Moot stopped the substance abuse, she could perform her past work as a programmer analyst and database design analyst and thus that she was not disabled.[10]

Moot argues here that ALJ erred by finding in the RFC without substance abuse that she could perform the full range of sedentary work.[11] She maintains that the proper RFC finding for her minus substance abuse should be sedentary but with additional mental limitations. In particular, she contends that treatment records from periods of sobriety show

---

[6] Transcript (Tr.) at 18.

[7] *Id.* at 14.

[8] *Id.*

[9] *Id.* at 20.

[10] *Id.* at 22.

[11] ECF # 14 at 14.

that, even without substance abuse, she would be functionally limited in things in areas such as the ability to relate to others and to withstand job stress.[12] She asserts that with such limitations any employment would need to be limited to simple, repetitive job tasks, as testified to by the vocational expert.[13] Such a result, she states, would preclude her from performing her past relevant work and would also direct a finding of disabled under the medical-vocational guidelines.[14]

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

---

[12] *Id*. at 17.

[13] *Id.*

[14] *Id*. at 17-18.

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[15]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[16] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[17]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.     Application of standard**

Moot essentially bases her argument here on three evaluations done in 2007 during what Moot asserts was a period of remission from her substance abuse.[18] Moot principally looks to the evaluation done in October, 2007, by William Mohler, the state consulting psychologist, who found serious mental impairment while the alcohol dependence was in remission.[19] Moot thus contends that while it certainly does appear from the record that she

---

[15] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[16] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[17] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[18] ECF # 14 at 16.

[19] Tr. at 416-19.

has long struggled with relapse and may well have spent more time in relapse than recovery, the record also shows "at least one period of recovery useful for an analysis of [her] mental impairment and functional abilities in the absence of substance abuse during the period she alleges disability."[20] She maintains that because the ALJ did not ground his RFC assessment of her without substance abuse in these findings, the ALJ's conclusion in this regard is not supported by substantial evidence.[21]

In fact, the ALJ in this case acknowledged Mohler's evaluation, but discounted it because Moot was only in partial remission when evaluated two months prior to being seen by Mohler.[22] The ALJ similarly discounted the findings of David Deitz, Ph.D., a reviewing psychologist,[23] who likewise based his conclusions on accepting as true Moot's self-reported claims of remission.

Rather, the ALJ attributed great weight to a substantial portion of the opinion of Sally Bernard, M.A.,[24] a treating counselor who saw Moot in therapy in 1998, 2008, and 2009. Bernard completed an RFC evaluation of Moot in 2010.[25] Bernard opined that Moot "seems

---

[20] ECF # 14 at 17.

[21] *Id*.

[22] Tr. at 18.

[23] *Id*. at 431, 438.

[24] *Id*. at 28.

[25] *See*, *id*. at 17.

to have a substance[-]induced major depressive disorder."[26] The ALJ also gave substantial weight to the findings of Pratibha Parikh, M.D.,[27] a treating psychiatrist who saw Moot in August, 2007 – or about two months prior to Mohler. Specifically, the ALJ noted that Dr. Parikh found that Moot's polysubstance dependence and alcohol dependence were only in "very early partial remission" at that time."[28]

Also, the ALJ found that Moot "has a long and substantiated history of substance abuse that conflicts with her testimony and the evidence of record."[29] In particular, the ALJ noted that this evidence calls into question Moot's claims, as here, about the evaluations done by psychologists during a period of self-proclaimed sobriety.[30]

Moot's argument here on this Court overturning the ALJ's assessments of Moot's credibility and the weight assigned to various sources so as to give greater weight to those 2007 evaluations done while Moot was claiming to be free of substance and alcohol abuse. I do not find such action warranted. On the record, substantial evidence supports the decision of the ALJ to discount Moot's credibility as to her own sobriety, and so further supports the decision to not credit evaluations premised on Moot's own accounts of her

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 22.

[30] *Id.*

sobriety, but to credit the August 2007 conclusion of Dr. Parikh that Moot's alcohol and substance dependencies were not then in full remission.

Moreover, substantial evidence supports the ALJ's determination that, without substance abuse, Moot would have the RFC to perform a full range of sedentary work. Specifically, the ALJ in this respect relied on Sally Bernard's observation that Moot was "clean and sober" in 1998, attending AA meetings, and performing in her job as a computer consultant.[31] Similarly, the ALJ noted that in 2004, while Moot was in recovery and denied alcohol use, she was working 51 hours per week on a "regular and continuous basis" interacting with customers at a meat counter.[32]

As the Commissioner observes, these facts are not contradicted by Sally Bernard's conclusions as Moot contends.[33] Rather, Bernard determined in February 2010 that Moot had a substance-induced major depressive disorder.[34] The record shows that Moot, according to her own testimony, had been abusing alcohol, cough syrup, and crack cocaine at least up through September, 2009.[35] Therefore, Bernard's conclusions as to Moot's functional limitations in February 2010 reflected, at best, Moot in the very early stages of recovery

---

[31] *Id.* at 21.

[32] *Id.* at 22.

[33] ECF # 17 at 3 (citing ECF # 14 at 18).

[34] Tr. at 17.

[35] *Id.* at 21, 22.

while still subject to the substance-induced depressive disorder noted then by Bernard, not Moot's potential functioning if she were fully free from alcohol and substance abuse.

## Conclusion

For the foregoing reasons, I find that the decision of the Commissioner in this case is supported by substantial evidence and is, therefore, affirmed.

IT IS SO ORDERED.

Dated: March 14, 2012                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge